

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable G. G. Roane
County Attorney
Fort Bend County
Richmond, Texas

Opinion No. 0-4464

Re: Construction of Subsection (e),
Section 1, of Article 6687b; Sub-
section (c), Section 1, of Article
911a, and Section 5 of Article
911a, Vernon's Texas Civil Stat-
utes

Dear Sir:

We acknowledge receipt of your request for an opinion of this
department upon the following facts:

"There are ten men living here in this County who
are working at Freeport, and for their mutual saving, they
have bought a large sedan and are operating this car be-
tween Rosenberg and Freeport. They own this car and on
account of the shortage of rubber they will be able to get
tires and go to and from their work at Freeport. They do
not carry any other persons and are not operating a bus,
but as above indicated these ten men have gone together
and are operating the one car.

"This morning one of the patrolmen asked me whether
or not these men were operating a bus and I told him that in
my opinion they were not, but that I would write for an opin-
ion from your Department. I would appreciate you advising
me right away."

While your request does not so state, we infer therefrom that
you have reference to whether or not these men are operating a "motor
bus" as contemplated by the statutes above referred to.

Subsection (e), Section 5, Article 6687b, supra, reads as fol-
lows:

"(e) 'Motor Bus.' Every vehicle, except those operat-
ed by muscular power or exclusively on stationary rails or
tracks, which is used in transporting persons between or
through two or more incorporated cities and towns for com-
pensation (or hire), whether operated over fixed routes or
otherwise; except such of said vehicles as are operated ex-
clusively within the limits of incorporated cities and towns
and suburban additions thereto."

Subsection (c), Section 1 of Article 911a, reads in part as follows:

"The term 'motor bus company' when used in this act * * * means every corporation or person as herein defined * * * owning, controlling, operating or managing any motor propelled passenger vehicle, not usually operated on or over rails, and engaged in the business of transporting persons for compensation or hire over the public highways within the State of Texas, whether operating over fixed routes or fixed schedules or otherwise * * *." (underscoring ours)

Section 5 of Article 911a provides as follows:

"No motor-bus company shall hereafter regularly operate for the transportation of persons as passengers for compensation or hire over the public highways of this state without first having obtained from the commission under the provisions of this Act * * * a certificate or permit declaring that the public convenience and necessity require such operation. * * *."

While your request does not so state, we assume therefrom that no person is operating the motor vehicle in question for compensation or hire. In order for the vehicle to come within the provisions of the above quoted statutes, it is necessary that the operation be for compensation or hire.

You are, therefore, advised that the vehicle in question is not a motor bus within the provisions of the Articles of above reference.

We have had before us a similar question in our opinion No. 0-4317 and are attaching hereto a copy of that opinion.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED MAR 13, 1942

/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Richard H. Cocke
    Richard H. Cocke
      Assistant

RHC:ej /cm
Encl.

APPROVED
Opinion
Committee
By /s/ BWB
 Chairman